IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. S1-4:22-CR-00690-MTS-1 |
| | ) | |
| DONALD EUGENE FIELDS II, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>DEFENDANT'S OBJECTION TO THE PRESENTENCE INVESTIGATION REPORT</u>

NOW COMES Defendant DONALD EUGENE FIELDS II, (herein after "Defendant") respectfully lodging this formal objection to the Disclosure Presentence Investigation Report (Doc. 151) ("PSR"). In doing so, undersigned counsel certifies that he attempted to resolve the matter informally with Probation, but the matter requires a formal objection.

Paragraph 27 of the PSR assesses five levels to the base offense level for Defendant allegedly being a "repeat and dangerous sex offender against minors." Defendant objects to this enhancement. As it stands, this enhancement increases the adjusted offense level from thirty-six to forty-one. Concomitant with this objection to paragraph 27, Defendant also objects to the factual assertions in paragraphs 8 and 9 of the PSR as they reflect only alleged conduct, not conduct

either admitted or found by a trier of fact to be true. Lastly, Defendant also objects to the conclusory statement found in paragraph 41 of the PSR[1]:

As an initial matter, "[a]pplication of sentencing enhancements must be supported by a preponderance of the evidence, and the government has the burden to prove the factual basis for an enhancement." *United States v. Mitchell*, 825 F.3d 422, 425 (8th Cir. 2016) (citing *United States v. Cochrane*, 608 F.3d 382, 383 (8th Cir. 2010)); see also Commentary to United States Guidelines § 6A1.3. This applies to Chapter Four enhancements as well. *See, e.g., United States v. Starr*, 486 F. Supp. 2d 940, 944 (N.D. Iowa 2007). "If the defendant objects to the factual basis for a sentencing enhancement, and the government fails to present evidence to prove that factual basis by a preponderance of the evidence, it is error to apply the enhancement." *Mitchell*, 825 F.3d at 425 (citing *United States v. Poor Bear*, 359 F.3d 1038, 1041-42 (8th Cir. 2004). Although the evidence "need not be admissible under the Federal Rules of Evidence," it must still "have a 'sufficient indicia of reliability to support its probable accuracy.'" *United States v. Gant*, 663 F.3d 1023, 1029 (8th Cir. 2011) (quoting *United States v. Pratt*, 553 F.3d 1165, 1170 (8th Cir. 2009)). The

---

[1] Paragraph 41 of Doc. 151 states in relevant part: "Through these interviews and by other investigative practices, law enforcement and the Missouri Department of Social Services substantiated the allegations made against Fields by a preponderance of evidence. It is alleged that Fields sexually abused [___] on multiple occasions between approximately 2013 and 2016, and that he engaged [___] in oral sex and digitally penetrated [___]'s vagina when [___] was a minor, and that he attempted to entice [___] to engage in sexual conduct by offering [___] money, when [___] was less than 15 years old."

government can even rely on hearsay—but only reliable hearsay. *United States v. Campos*, 79 F.4th 903, 916 (8th Cir. 2023). Notably, the Eighth Circuit has observed that "unsworn and oral statements to the police are 'the 'least reliable type of hearsay.'" *United States v. Timmons*, 950 F.3d 1047, 1051 (8th Cir. 2020) (emphasis added) (quoting *United States v. Sutton*, 916 F.3d 1134, 1140 (8th Cir. 2019)); *United States v. Comito*, 177 F.3d 1166, 1171 (8th Cir. 1999) ("Unsworn verbal allegations are, in general, the least reliable type of hearsay[.]").

The undersigned does not have access to the PSR of the co-defendant, Sartori. From publicly available documents from Sartori's trial level and appellate cases including his plea agreement, his objections to the PSR and his opening appellate brief, one is left to conclude that Sartori did not receive the five-level enhancement. Yet, Mr. Sartori's offense conduct covered the same victim and the same time frame as Mr. Fields's offense. The undersigned is unaware of any legal basis for Mr. Fields receiving the enhancement based on conduct with the victim here when Sartori did not receive that enhancement, especially given that Sartori actually committed the sexual acts against the minor.

Since Sartori did not receive the enhancement yet Defendant did, the PSR here must be basing the enhancement on the unproven allegations that make up the state case against Defendant, which are reflected in paragraphs 8, 9 and 41 of the PSR (Doc. 151). To be clear, Defendant is not objecting to the fact that these allegations have been made. Defendant is objecting to any assertion that these

3

allegations are true. He must object to these facts as he is currently facing state charges based on this alleged conduct.

Amendment 826 to the Guidelines revised §1B1.3 (Relevant Conduct (Factors that Determine the Guideline Range)) to exclude acquitted conduct from the scope of relevant conduct considered under the sentencing guidelines. While not abrogating a court's authority under 18 U.S.C. § 3661, nor addressing the use of federally uncharged, dismissed, or other relevant conduct as defined in §1B1.3, the implication is clear. Unproven conduct that is not implicated by the offense of conviction should not be considered when punishing a defendant. That principle is even more appropriate here where the PSR provides that the unproven conduct at issue is not relevant conduct to the instant offense and Defendant is presumed innocent unless convicted. It is the undersigned's understanding that the State of Missouri will vigorously pursue the pending charges against Defendant once this matter is concluded. Thus, Defendant will have to account for that alleged conduct in that proceeding. The Court should not now impose a penalty here that encompasses unproven conduct for which Defendant is presumed innocent.

To the extent that Probation takes the view that Defendant's conduct in the offense of conviction supports the enhancement, Defendant still objects on the basis that his offense conduct does not arise to a pattern of activity involving prohibited sexual conduct" as defined by the guideline. The Application Notes of §4B1.5(b) instruct that "[f]or purposes of subsection (b), the defendant engaged in a pattern of

4

activity involving prohibited sexual conduct if on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor. Though not directly on point, an Eighth Circuit case establishes that §1591(a) offenses where an offender maintains a trafficking victim over a period of time are deemed a single offense, rather than a series of isolated acts. *United States v. Unpradit*, 35 F.4th 615, 628 (8th Cir. 2022) ("Offenders under § 1591(a) sometimes maintain a victim continuously over a period of time, and that conduct amounts to a single offense rather than a series of isolated acts of maintenance."). Here, Defendant made a single agreement with Sartori to provide Sartori access to the minor. That constitutes a single offense and is not sufficient to establish a pattern of sexual conduct. *See* paragraph 7 of the PSR (Doc. 151): ("an agreement was made between Fields and Sartori whereby Sartori would receive sexual access to [the minor] and, in exchange, Sartori would provide items of value…"). The Court should decline to levy the enhancement in this specific case.

Lastly—and this may be burying the lede—the parties' negotiations led to the plea agreement and the disposition of this matter without trial and the parties did not agree to the application of §4B1.5(b).

For all the forgoing reasons, Defendant request this Honorable Court to sustain the objection and not assess the "repeat and dangerous sexual offender of minors" enhancement in this specific case.

Dated June 29, 2026.

5

Respectfully submitted,

/s/ Mohammed G. Ahmed
MOHAMMED G. AHMED
Bar. No.  6285612 IL
Assistant Federal Public Defender
1010 Market Street, Suite 200
St. Louis, Missouri 63101
Telephone: (314) 241-1255
Fax: (314) 421-3177
E-mail: Mohammed_Ahmed@fd.org

ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on June 29, 2026, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Ms. Dianna R. Edwards, Assistant United States Attorney.

/s/ Mohammed G. Ahmed
MOHAMMED G. AHMED